Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES JONES, | CASE NO. |
| Plaintiffs, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| MERRY X-RAY CHEMICAL CORPORATION, a California Corporation, | 2. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT |
| Defendant. | 3. BREACH OF IMPLIED-IN-FACT CONTRACT |
| | 4. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING |
| | JURY DEMAND |

Plaintiff JAMES JONES, (hereinafter "Plaintiff", "Jones" or "Plaintiff Jones") allege as follows:

**<u>JURISDICTION AND VENUE</u>**

1.      This action is brought pursuant to the provisions of the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101*, *et seq.* (hereinafter "ADA") and the Age Discrimination in

1

Employment Act of 1967, as amended, *29 U.S.C. §621, et seq.* (hereinafter "ADEA"), to obtain relief for Plaintiff under the aforementioned statutes.

2. At all relevant times, Defendant MERRY X-RAY CHEMICAL CORPORATION, a California Corporation (hereinafter "Defendant", Merry X-Ray" or "Defendant Merry X-Ray) employed more than twenty (20) employees, and they are therefore subjected to the provisions of the ADEA and the ADA.

3. Jurisdiction is predicated on the ADEA and the ADA code sections referenced above as well as *28 USC §1331*, as this action involves a federal question. The court has supplemental jurisdiction over the state law claims.

4. The events or omissions giving rise to Plaintiffs' claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

**PARTIES**

5. At all relevant times herein Plaintiff Jones was a citizen of the United States of America and a resident of the State of Nevada, County of Clark and City of North Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that Defendant Merry X-Ray is a California corporation with its headquarters in San Diego, California.

7. Merry X-Ray is and has been at all material times mentioned herein an employer within the meaning of sections *29 USC §§623 and 630(b)* of the ADEA and *42 USC §12111(5)(A)* of the ADA.

**EXHAUSTION OF REMEDIES**

8. Plaintiff has filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") against Defendant Merry X-Ray.

9. The EEOC issued a Notice of Right to Sue to Plaintiff against Defendant on September 21, 2015 a copy of which is attached as Exhibit "A" to this amended complaint.

2

**STATEMENT OF FACTS**

10. On or about August 13, 2012 Jones was hired by MBI Incorporated ("MBI") as an electronics engineer. In October 2014 Merry X-Ray bought MBI and Plaintiff became an employee of Merry X-Ray in the same position of electronics engineer.

11. Although Jones liked working for Merry X-Ray the pay was not what he was used to making and because of this he looked for other opportunities that would pay a wage that he and his family could comfortably live on.

12. Plaintiff was able to secure a job offer at Teksystems, Inc. to work as a project manager at its client Tyco International, starting on December 1, 2014.

13. Once Jones told Merry X-Ray that he was leaving to take the job with Teksystems, Inc., company vice president Jeff Root ("Root") begged Plaintiff to stay with Merry X-Ray.

14. Root told Plaintiff that Merry X-Ray really needed him to stay with "the family" in order to provide them with a real engineering presence. Root promised Jones a new company truck, training from all of the X-Ray system manufacturers, a raise (not as much as Teksystems, Inc. had offered but close) and Plaintiff was told by Root that he was a "valued part of the Merry X-Ray family" and that if he would stay on, Root would see to it that Jones would be moved to the field where his talents could really be used.

15. In reliance on these promises and assurances by Root, Plaintiff turned down the offer from Teksystems, Inc. and continued to work for Merry X-Ray.

16. Shortly after he had agreed to continue his employment with Merry X-Ray, Jones spent seven days in the hospital for a heart condition called Atrial Fibrillation which is a condition where the heart beats in an irregular pattern. Plaintiff was in the hospital from December 10th through 12th, 15th and 16th and 22th and 23rd.

17. Once out of the hospital Jones could immediately tell that he was not being treated the same by management.

18.     Then on or about January 1, 2015 Defendant hired a person by the name of Aaron Newman ("Newman") as an electronics engineer. Newman was 28 years old when hired and had substantially less experience as an electronics engineer than Jones.

19.     Plaintiff was asked to train Newman as an electronics engineer and Jones assumed that Newman would take over for him in house and Plaintiff would be moved to the field.

20.     Thus it came as a complete surprise and shock when Plaintiff was told by Service Manager Ron Blue ("Blue") on January 30, 2015 that he was being terminated effective immediately.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate in Violation of the ADA)

21.     Plaintiff Jones incorporates the allegations set forth in paragraphs 1 through 20, inclusive, as if fully set forth herein.

22.     As set forth above, Jones was diagnosed with a heart condition called Atrial Fibrillation (ie. irregular heart beat) and spent seven days in the hospital because of this condition.

23.     This ailment substantially limited Plaintiff in the major life activities of caring for himself, sleeping, breathing and working, among other major life activities.

24.     When Plaintiff got out of the hospital he was not treated the same by management and then Jones was abruptly terminated on January 30, 2015. Jones believes that he was terminated because of his heart condition.

25.     Plaintiff continues to have his heart condition for which he is still under a doctor's care.

26.     As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses including $40,000.00 he had to spend to be trained in a new field in order to find new employment, in an amount to be proven at trial which exceeds the minimum jurisdictional limits

of this Court.

27. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

28. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

29. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

30. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

**(For Age Discrimination in Violation of the ADEA)**

31. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. This cause of action is brought pursuant to ADEA as it involves a claim by Plaintiff for age discrimination which is governed by ADEA.

33. Jones was born on October 25, 1958, was 56 years of age when he was terminated on January 30, 2015, and is currently 57 years of age.

34. As set forth above, Plaintiff's position was filled by a 28 year old associate by the name Newman who had substantially less experience and was less qualified for the position of electronics engineer than Jones.

35. Upon his return to work after his stays in the hospital because of his disability, Jones was asked by management to train Newman as an electronics engineer. Little did Plaintiff know that he was training Newman to replace him. Service Manager Blue informed Jones on January 30, 2015 that he was being terminated and that he had five minutes to get his personal belongings and get off the property.

36. Jones believes that he was terminated because of his age.

37. As a direct, foreseeable, and legal result of Defendant's age discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses including $40,000.00 he had to spend to be trained in a new field in order to find new employment, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

38. The age discrimination by Defendants was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b).*

39. Plaintiff claims the damages alleged above, together with prejudgment interest as provided by law, in a sum according to proof at trial.

40. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claim. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### **THIRD CAUSE OF ACTION**

### **(For Breach of Implied-In-Fact Contract)**

41. Plaintiff Jones incorporates the allegations set forth in paragraphs 1 through 40, inclusive, as if fully set forth herein.

42. Plaintiff was employed by Defendant under an implied-in-fact contract which Plaintiff relied on throughout his employment with Defendant.

43. Defendant impliedly promised Plaintiff that Defendant would treat him fairly and justly and only terminate Plaintiff for "good cause".

44. Plaintiff reasonable relied upon Defendant's promise to treat him fairly and justly and

only terminate him for "good cause" and in reliance on Defendant's promise, Plaintiff did not take the job that was offered him as a project manager Teksystems, Inc. (even though it paid more) and instead continued his employment with Merry X-Ray.

45. As set forth above, Jones relied on the promises of vice president Root that he would get a new company truck, training from all of the X-Ray system manufacturers, a raise (not as much as Teksystems, Inc. had offered but close) and that he would be moved to the field.

46. Defendant breached the parties' implied-in-fact contract by hiring a 28 year old to replace Plaintiff after they begged him to stay and pass up a better paying position at Teksystems, Inc.

47. As a direct, foreseeable, and legal result of the Defendant's breach of the parties implied-in-fact contract, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses including $40,000.00 he had to spend to be trained in a new field in order to find new employment, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

48. As a further direct, foreseeable, and legal result of the Defendant's retaliation and discharge of Plaintiff, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in a sum according to proof at trial.

49. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

50. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

///

///

## FOURTH CAUSE OF ACTION

### (For Breach of the Covenant of Good Faith and Fair Dealing)

51. Plaintiff Jones incorporates the allegations set forth in paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. As a result of the employment relationship which existed between Plaintiff and Defendant, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communication resulting in these implied promises, Defendant promised to act in good faith towards and deal fairly with Plaintiff which requires, among other things, that:

(a) Each party in the relationship must act with good faith towards the other concerning all matters related to the employment;

(b) Each party in the relationship must act with fairness towards the other concerning all matters related to the employment;

(c) Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

(d) Defendant employer would similarly treat employees who are similarly situated;

(e) Defendant would comply with its own representations, rules, policies and procedures in dealing with Plaintiff;

(f) Defendant would not terminate Plaintiff without a fair and honest cause, regulated by good faith on Defendant's part;

(g) Defendant would not terminate Plaintiff in an unfair manner; and

(h) Defendant would give Plaintiff's interests as much consideration as it gave its own interests.

53. Defendant's discharge of Plaintiff was wrongful, in "bad faith", and unfair, and therefore a violation of Defendant's legal duties. Defendant breached the Covenant of Good Faith and Fair Dealing by terminating Plaintiff in "bad-faith" on January 30, 2015, only about two months after he turned down a better paying job with Teksystems, Inc.

54. Defendant's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiff.

55. As a direct, foreseeable, and legal result of the Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses including $40,000.00 he had to spend to be trained in a new field in order to find new employment, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

56. As a further direct, foreseeable, and legal result of the Defendant's retaliation and discharge of Plaintiff, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in a sum according to proof at trial.

57. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

58. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jones demands judgment against Defendant Merry X-Ray as follows:

1. Declaring that the acts and practices complained of herein are a violation of ADEA, ADA and Nevada state law;

2. Enjoining and permanently restraining the violations by Defendant of the ADEA, ADA and Nevada state law;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses including $40,000.00 he had to spend to be trained in a new field in order to

Case 2:15-cv-02385-JAD-PAL   Document 1   Filed 12/15/15   Page 10 of 12

find new employment, according to proof at time of trial;

4. For an award of liquidated damages pursuant *29 USC §626(b)* for Defendant's willful violation of *29 USC §§623(a) and 623(d)*;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiffs' damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury in this action.

DATED: 12/15/2015            LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT A

EECC Form 151 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: James Jones
4432 Cooktown Court
North Las Vegas, NV 89032

From: Los Angeles District Office
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2015-00925 | Karrie L. Maeda, State & Local Coordinator | (213) 894-1099 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Santa B. Allarrén*

Rosa M. Viramontes,
District Director

September 21, 2015
*(Date Mailed)*

Enclosures(s)

cc: Dawn Calic
Treasury Payroll Supervisor
MERRY X-RAY CORPORATION
8020 Tyler Blvd.
Mentor, OH 44060

Michael Balaban, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini St.
Las Vegas, NV 89141